## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GORDIUM INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WATERS NETWORK SYSTEMS, LLC<br><br>    Defendant. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFF GORDIUM INNOVATIONS LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGE MENT AND DEMAND FOR JURY TRIAL

Plaintiff Gordium Innovations LLC, for its Complaint against Defendant Waters Network Systems, LLC, alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

### THE PARTIES

2. Plaintiff Gordium is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, TX 78664-5219.

3. Upon information and belief, Defendant Waters Network Systems is a limited liability company organized under the laws of the State of Minnesota, with its principal place of business at 945 37th Avenue, NW, Rochester, MN 55901.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5.  Upon information and belief, Defendant regularly conducts business in this judicial district and has committed acts of patent infringement in this judicial district including, *inter alia*, selling and offering to sell infringing products and services in this judicial district.

6.  Upon information and belief, Defendant has ongoing and systematic contacts with this judicial district and the United States.  In particular, Defendant is incorporated in Minnesota.

7.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,697,385

8.  The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9.  On February 24, 2004, U.S. Patent No. 6,697,385, entitled "Circuit(s), Method(s) and Architecture for Configurable Packet Re-timing in Network Repeater Hubs," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '385 Patent is attached as Exhibit A to this Complaint.

10. Gordium is the assignee and owner of the right, title and interest in and to the '385 Patent, including the right to assert all causes of action arising under the '385 Patent and the right to any remedies for its infringement.

11. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '385 Patent by making, using, selling and/or offering for sale in the United States, including in this Judicial District, networking devices providing data prioritization features as claimed in one or more claims of the '385 Patent ("the Accused Products and Services"), without the authority of Gordium.

12. The Accused Products and Services include, but are not limited to, the GSM3108 series (all models), the GSM3110 series (all models), the GSM3112 series (all models), the

GSM1009 series (all models), the GSM1008 series (all models), the MS1008 series (all models), the MS1008-4G series (all models), the GSM2109 series (all models), the "GSM series" (including models GSM1008-2SFP and GSM2108-2SFP), the PSX1008 series (all models), the PSX1008-4G series (all models), the GSM2924 series (all models), the "GSM Models" (including GSM2108, GSM2116-4SFP, GSM2124-4SFP, GAM2148-4SFP), the GSM2400 series (all models), the GSM3126 series (all models), the GSM3128 series (all models), the GSM3128F series (all models), the GSM3148 series (all models), the GSM3152 series (all models), the PSX1008 series (all models), the PSX1008-4G ES series (all models), the ProSwitch Extreme series (managed models), the CS series (all models), the 2600M series (all models), the 2800M and 2800MR series (all models), the GSM2112 series (all models), the GSM2224-POE series (all models), the GSM3126-POE series (all models), the GSM3128-POE series (all models), the GSM3148-POE series (all models), the GSM3152-POE series (all models), the GSM3108-POE series (all models), the GSM3110-POE series (all models), the GSM3112-POE series (all models), the GSM2109-8POE series (all models), the GSM1009-8POE series (all models), the GSM2108-8POE series (all models), the GSM1008-8POE series (all models), the ProSwitch 2126M-POE series (all models), the MS1008-2G-4POE series (all models), and the PSX1008-2G-4POE.

13.     Upon information and belief, Defendant had knowledge of the '385 Patent at least as early as the filing of this complaint.

14.     Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of one or more claims of the '385 Patent under 35 U.S.C. § 271(c) by selling, offering to sell, and/or importing products including the Accused Products and Services, knowing at least as of the date of the filing of this complaint or being willfully blind to

the fact that these products and service constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '385 Patent, and have no substantial non-infringing uses.

15. Upon information and belief, Defendant has induced and continues to induce others to infringe one or more claims of the '385 Patent under § 271(b) by, among other things, and with specific intent, actively and knowingly, at least as of the date of the filing of this complaint, aiding and abetting others to infringe, including, but not limited to Defendant's customers whose use of the Accused Services and Products constitutes direct infringement of one or more claims of the '385 Patent.  In particular, Defendant acted and continues to act with specific intent to make others, such as its customers, infringe by advertising and selling products and providing instruction manuals showing infringing uses of the products and services.  On information and belief, Defendant engaged in, and continues to engage in, such actions with specific intent to cause infringement or with willful blindness to the resulting infringement.

16. Because of Defendant's infringing activities, Gordium has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a), Gordium demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Gordium respectfully requests that this Court enter judgment for Gordium and against Defendant as follows:

A. an adjudication that Defendant has infringed the '385 Patent;

B.  an award of damages to be paid by Defendant adequate to compensate Gordium for Defendant's past infringement of the '385 Patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.  an order that Defendant pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D.  a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E.  an award to Gordium of such further relief at law or in equity as the Court deems just and proper.

Dated: July 31, 2014                                    Respectfully submitted,

*/s/David P. Swenson*
David P. Swenson
FARNEY DANIELS PC
100 North Sixth Street, Suite 445A
Minneapolis, MN 55403
Tel: (612) 424-9220
Fax: (612) 424-9230
Email: dswenson@farneydaniels.com

**Attorneys for Plaintiff**
**Gordium Innovations LLC**